Jeremy C. Lieb
Erik Grafe
Ian S. Dooley
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: jlieb@earthjustice.org
E: egrafe@earthjustice.org
E: idooley@earthjustice.org

*Attorneys for Intervenor-Defendants Friends of the Earth et al.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VOICE OF THE ARCTIC IÑUPIAT,<br><br>     *Plaintiff,*<br><br>     v.<br><br>BUREAU OF LAND MANAGEMENT; UNITED STATES DEPARTMENT OF THE INTERIOR; DEB HAALAND, in her official capacity as Secretary of the Interior; and STEVEN COHN, in his official capacity of Alaska State Director of Bureau of Land Management,<br><br>     *Defendants*,<br><br>     and<br><br>NORTHERN ALASKA ENVIRONMENTAL CENTER *et al.,*<br><br>     *Intervenor-Defendants.* | )<br>)<br>)  Case No. 3:24-cv-00136-SLG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO VOICE OF THE ARCTIC IÑUPIAT'S COMPLAINT

Intervenor-Defendants Friends of the Earth, The Wilderness Society, National Audubon Society, and Natural Resources Defense Council hereby answer the complaint submitted by Plaintiff Voice of the Arctic Iñupiat.  All allegations not expressly admitted below are denied to the extent a response is deemed required.

1. The first sentence in Paragraph 1 is Plaintiff's statement of the case to which no response is required.  The remainder of this paragraph characterizes the Management and Protection of the National Petroleum Reserve in Alaska rule ("Rule"). The Rule provides the best evidence of its contents.

2. Intervenor-Defendants deny that the Rule is directly contrary to Congress's stated purpose in creating the National Petroleum Reserve-Alaska ("Reserve").  The remainder of the first sentence in Paragraph 2 characterizes Public Law 96-514 (1980). The public law provides the best evidence of its contents.  Taken together, the second, third, and fourth sentences in this paragraph state legal conclusions to which no response is required.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

3. The first sentence in Paragraph 3 states a legal conclusion to which no response is required.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

4. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence in Paragraph 4.  The remainder of this paragraph quotes a prior statement by the Plaintiff.  The statement is the best evidence of its

contents.

5.      Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 5.

6.      Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in the first sentence in Paragraph 6.  The second sentence in this paragraph states a legal conclusion to which no response is required.

7.      Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in the first two sentences in Paragraph 7.  The third sentence of this paragraph characterizes the Rule.  The Rule is the best evidence of its contents.  The final two sentences of this paragraph quote a statement attributed to the North Slope Borough mayor.  That statement provides the best evidence of its contents.

8.      Paragraph 8 states legal conclusions to which no response is required.

9.      Paragraph 9 states legal conclusions to which no response is required.

10.      Paragraph 10 states a legal conclusion to which no response is required.

11.      Paragraph 11 states legal conclusions to which no response is required.

12.      Paragraph 12 states legal conclusions to which no response is required.

13.      Paragraph 13 states legal conclusions to which no response is required.

14.      Paragraph 14 states legal conclusions to which no response is required.

15.      Paragraph 15 states legal conclusions to which no response is required.

16.      Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 16.

17.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17.

18.     Intervenor-Defendants admit Defendant United States Department of the Interior is an agency of the United States.  The remaining allegations in Paragraph 18 state legal conclusions to which no response is required.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Intervenor-Defendants admit the allegations in the first and second sentences in Paragraph 22.  Intervenor-Defendants admit the North Slope communities are not connected by a permanent road system.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

23.     The allegations in the first three sentences in Paragraph 23 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.  The remaining allegations in this paragraph characterize the Alaska Statehood Act.  The statute is the best evidence of its contents.  To the extent the paragraph characterizes *Sturgeon v. Frost*, 577 U.S. 424 (2016) (*Sturgeon I*), the case provides the best evidence of its contents.

24.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 24.  To the extent this paragraph characterizes *Sturgeon v. Frost*, 587 U.S. 28 (2019) (*Sturgeon II*), the case provides the best evidence of its

contents.

25.     The allegations in Paragraph 25 characterize the Organic Act of 1884 and the Alaska Native Claims Settlement Act ("ANCSA") and cite in support several cases. The statutes and cases provide the best evidence of their contents.

26.     To the extent the allegations in Paragraph 26 characterize ANCSA and *Chugach Natives, Inc. v. Doyon, Ltd.*, 588 F.2d 723 (9th Cir. 1979), the statute and case are the best evidence of their contents.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

27.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 27.

28.     To the extent allegations in Paragraph 28 characterize the Alaska National Interest Lands Conservation Act ("ANILCA") and *Sturgeon II*, the statute and case are the best evidence of their contents.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

29.     Paragraph 29 characterizes ANILCA.  The statute is the best evidence of its contents.

30.     Intervenor-Defendants admit the allegations in the first sentence in Paragraph 30.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

31.     Intervenor-Defendants admit the allegations in the first sentence in Paragraph 31, and that the villages of Nuiqsut, Atqasuk, Utqiaġvik, and Wainwright are

located within the Reserve. Intervenor-Defendants admit management of the Reserve affects the villages of Anaktuvuk Pass and Point Lay. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

32. Intervenor-Defendants admit the Artic Slope Regional Corporation is the Regional Corporation for the North Slope region. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 32.

33. Intervenor-Defendants admit that the area now known as the Reserve was originally established by President Harding in 1923 as the Naval Petroleum Reserve No. 4. The first sentence in Paragraph 33 otherwise states a legal conclusion to which no response is required. The second sentence in this paragraph characterizes *Northern Alaska Environmental Center v. Norton*, 361 F. Supp. 2d 1069 (D. Alaska 2005). The case is the best evidence of its contents. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in the third sentence in this paragraph. Intervenor-Defendants admit that jurisdiction over the Reserve was transferred from the United States Navy to the Secretary of the Department of the Interior in 1976. To the extent the remaining allegations in the fourth sentence in this paragraph characterize the Naval Petroleum Reserves Production Act ("Reserves Act"), the act is the best evidence of its contents.

34. The allegations in Paragraph 34 states legal conclusions to which no response is required. To the extent the allegations in this paragraph characterize the

Reserves Act, a report from the U.S. House of Representatives, and a Federal Register notice of proposed rulemaking, the statute, report, and notice are the best evidence of their contents.

35.     The first four sentences in Paragraph 35 characterize the Reserves Act.  The act provides the best evidence of its contents.  Intervenor-Defendants deny the allegations in the final sentence in this paragraph.

36.     Intervenor-Defendants admit the Bureau of Land Management ("BLM") promulgated regulations to implement certain provisions of the Reserves Act. Intervenor-Defendants deny the reason and purpose for these regulations alleged in the first and second sentences in Paragraph 36.  The third sentence in this paragraph quotes a Federal Register notice of final rulemaking (46 Fed. Reg. 55,494 (Nov. 9, 1981)).  The notice is the best evidence of its contents.  Intervenor-Defendants admit the first lease sale in the Reserve was held in 1982.

37.     Paragraph 37 states legal conclusions to which no response is required.  To the extent allegations in this paragraph characterize a Federal Register notice of the proposed Rule (88 Fed. Reg. 62,025 (Sept. 8, 2023)), the notice is the best evidence of its contents.

38.     The allegations in Paragraph 38 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.

39.     Intervenor-Defendants admit BLM issued an integrated activity plan ("IAP") in 1998.  Intervenor-Defendants lack sufficient knowledge or information to

admit or deny the remaining allegations in Paragraph 39.  To the extent these allegations characterize *Northern Alaska Environmental Center v. Kempthorne*, 457 F.3d 969 (9th Cir. 2006), that case is the best evidence of its contents.

40.     Paragraph 40 characterizes the record of decision ("ROD") for BLM's 2013 IAP, the 2013 IAP environmental impact statement ("EIS"), and a Bylaws and Operating Procedures document for the NPR-A Working Group.  The ROD, EIS, and bylaws and operating procedures are the best evidence of their contents.

41.     The first two sentences in Paragraph 41 characterize a Secretarial Order and BLM's final EIS for the 2020 IAP.  The order and EIS are the best evidence of their contents.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in the third and fourth sentences in this paragraph.  Intervenor-Defendants admit BLM completed an EIS for the 2020 IAP.  Intervenor-Defendants deny all remaining allegations in this paragraph.

42.     Paragraph 42 characterizes the ROD for the 2022 IAP.  The ROD is the best evidence of its contents.  Intervenor-Defendants admit no new EIS was completed prior to the issuance of the 2022 IAP ROD.  Intervenor-Defendants deny any remaining allegations in this paragraph.

43.     Intervenor-Defendants admit that BLM approved the Willow Project in the Bear Tooth Unit of the Reserve, following completion of a supplemental EIS, and that that decision is the subject of ongoing litigation before the United States Court of Appeals for the Ninth Circuit.  Intervenor-Defendants lack sufficient knowledge or

information to admit or deny the remaining allegations in Paragraph 43.

44.    Deny.

45.    Intervenor-Defendants admit the allegations in the first sentence in Paragraph 45.  Intervenor-Defendants admit the initial public comment period for the proposed Rule was for 60 days and that the comment period was extended twice, providing for a total comment period of 90 days.  *See* 88 Fed. Reg. 80,237, 80,237 (Nov. 17, 2023).  The remaining allegations in the second, third, and fourth sentences in this paragraph characterize the proposed Rule.  The proposed Rule is the best evidence of its contents.  Intervenor-Defendants deny the allegations in the last sentence in this paragraph.

46.    Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 46.

47.    Intervenor-Defendants admit the Biden Administration has stated its commitment to engage with and support tribal sovereignty and tribal self-determination. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 47.

48.    Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 48.

49.    Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 49.

50.    The allegations in the first sentence in Paragraph 50 are vague and

ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. Intervenor-Defendants admit a total comment period of 90 days was provided for the proposed Rule. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

51.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 51. To the extent the allegations in this paragraph characterize a comment letter, the letter is the best evidence of its contents.

52.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 52.

53.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 53.

54.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 54.

55.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 55.

56.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 56.

57.     Intervenor-Defendants admit the allegations if the first sentence in Paragraph 57. The remaining allegations in this paragraph characterize the Rule, the proposed Rule, and prior regulations. The Rule, the proposed Rule, and prior regulations are the best evidence of their contents.

58.     The allegations in Paragraph 58 characterize the Rule.  The Rule is the best evidence of its contents.

59.     The allegations in Paragraph 59 characterize the Rule.  The Rule is the best evidence of its contents.

60.     The allegations in Paragraph 60 characterize the Rule.  The Rule is the best evidence of its contents.

61.     The allegations in Paragraph 61 characterize the Rule.  The Rule is the best evidence of its contents.

62.     The allegations in Paragraph 62 characterize the Rule and past regulations. The Rule and past regulations are the best evidence of their contents.

63.     The to the extent Paragraph 63 characterizes the Rule, the Rule is the best evidence of its contents.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny any remaining allegations in this paragraph.

64.     To the extent the allegations in Paragraph 64 characterize the Rule, the Rule is the best evidence of its contents.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny any remaining allegations in this paragraph.

65.     Intervenor-Defendants admit BLM did not complete an EIS for the Rule. To the extent the remaining allegations in the first sentence in Paragraph 65 characterize the Rule, the Rule is the best evidence of its contents.  The last sentence of this paragraph states a legal conclusion to which no response is required.

66.     To the extent the allegations in Paragraph 66 characterize the Rule, the Rule

is the best evidence of its contents. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

67. The allegations in the first sentence in Paragraph 67 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. Intervenor-Defendants admit the Alaska Legislature, United States Senator Lisa Murkowski, United States Senator Dan Sullivan, and United States Representative Mary Peltola voiced support for the Willow Project. Intervenor-Defendants deny all other allegations in this paragraph.

68. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 68.

69. To the extent the allegations in Paragraph 69 characterize a resolution of the Alaska House of Representatives, the resolution is the best evidence of its contents. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

70. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 70.

71. The allegations in Paragraph 71 characterize statements by the North Slope Borough Mayor and Arctic Slope Regional Corporation President and CEO. These statements are the best evidence of their contents.

72. Intervenor-Defendants deny that the Reserves Act "calls for an 'expeditious program' for the responsible development" of the Reserve. Intervenor-Defendants lack

sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 72.

73. The allegations in the first and second sentences in Paragraph 73 characterize the Alaska Statehood Act, ANCSA, and ANILCA. These statutes are the best evidence of their contents. Intervenor-Defendants deny the allegations in the final sentence in this paragraph.

74. The first two sentences in Paragraph 74 characterize ANILCA. The statute is the best evidence of its contents. The final sentence in this paragraph states a legal conclusion to which no response is required.

75. The allegations in the first sentence in Paragraph 75 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. To the extent these allegations also characterize *California Co. v. Udall*, 296 F.2d 384 (D.C. Cir. 1961) and the Outer Continental Shelf Lands Act, the case and statute are the best evidence of their contents. Intervenor-Defendants admit that national energy needs have influenced national policy. To the extent the second sentence of this paragraph characterizes the Energy Policy and Conservation Act, Energy Policy Act of 2005, and Energy Independence and Security Act of 2007, the statutes are the best evidence of their contents. The allegations in the third and fourth sentences in this paragraph characterize the Trans-Alaska Pipeline Authorization Act of 1973. The statute is the best evidence of its contents. The allegations in the fifth sentence in this paragraph characterize the Reserves Act. The act is the best evidence of its contents. The

allegations in the sixth sentence in this paragraph characterize a statement of Senator Ted Stevens. The statement is the best evidence of its contents. Intervenor-Defendants deny the allegations in the final sentence of this paragraph.

76.     The allegations in the first sentence in Paragraph 76 characterize the Reserves Act. The act is the best evidence of its contents. Intervenor-Defendants deny the remaining allegations in this paragraph.

77.     The allegations in the first sentence in Paragraph 77 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. The allegations in the second and third sentences in this paragraph characterize the 2022 IAP. The 2022 IAP is the best evidence of its contents. To the extent the allegations in the fourth and fifth sentences in this paragraph characterize the Rule, the Rule is the best evidence of its contents. Intervenor-Defendants deny any remaining allegations in this paragraph.

78.     The allegations in the first sentence in Paragraph 78 characterize the Reserves Act. The statute is the best evidence of its contents. To the extent the allegations in the second sentence of this paragraph characterize the 2022 IAP, the 2022 IAP is the best evidence of its contents. Intervenor-Defendants deny that the Reserves Act is a dominant-use statute. The remaining allegations in the second sentence in this paragraph are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. The third sentence in this paragraph states a legal conclusion to which no response is required. The remaining allegations in this

paragraph characterize the Rule. The Rule is the best evidence of its contents.

79. Intervenor-Defendants deny the allegations in the first sentence in Paragraph 79. The second sentence in this paragraph quotes the Rule. The Rule is the best evidence of its contents. Intervenor-Defendants deny the remaining allegations in this paragraph.

80. The first sentence in Paragraph 80 states a legal conclusion to which no response is required. To the extent these allegations characterize the Reserves Act, the statute is the best evidence of its contents. Intervenor-Defendants deny the allegations in the second sentence in this paragraph. The third sentence in this paragraph characterizes a congressional report. The report is the best evidence of its contents. The allegations in the fourth and fifth sentences in this paragraph are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.

81. The allegations in Paragraph 81 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. To the extent the allegations in this paragraph characterize IAPs issued by BLM, the IAPs are the best evidence of their contents.

82. To the extent the allegations in Paragraph 82 characterize cases, those cases are the best evidence of their contents. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in the final sentence in this paragraph.

83. Intervenor-Defendants deny the allegations in the first, second, and final sentences in Paragraph 83. The allegations in the third sentence in this paragraph are

vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. The allegations in the fourth sentence in this paragraph characterize the Reserves Act. The statute is the best evidence of its contents.

84. Intervenor-Defendants admit that BLM did not complete an EIS for the Rule. The remaining allegations in Paragraph 84 state legal conclusions to which no response is required.

85. The allegations in Paragraph 85 characterize 43 C.F.R. § 46.210(i) and the Rule. This regulation and the Rule are the best evidence of their contents.

86. The allegations in Paragraph 86 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.

87. The first and third sentences in Paragraph 87 state legal conclusions to which no response is required. To the extent the allegations in the second sentence in this paragraph characterize 43 C.F.R. § 46.215, the regulation is the best evidence of its contents. Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

88. The allegations in the first sentence in Paragraph 88 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny. To the extent the allegations in the first sentence of this paragraph characterize the Rule and Executive Orders, the Rule and orders are the best evidence of their contents. The second sentence in this paragraph states a legal conclusion to which no response is required. The allegations in the final sentence in this paragraph are vague

and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.

89.     The first two sentences in Paragraph 89 state legal conclusions to which no response is required.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

90.     The allegations in the second sentence in Paragraph 90 characterize the Reserves Act.  The statute is the best evidence of its contents.  The allegations in the final sentence in this paragraph are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

91.     Intervenor-Defendants admit BLM did not complete an environmental assessment or EIS for the Rule.  The final two sentences in Paragraph 91 state legal conclusions to which no response is required.  Intervenor-Defendants admit the North Slope communities mentioned in this paragraph are not connected by a permanent road system.  Intervenor-Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in this paragraph.

92.     The allegations in Paragraph 92 characterize ANILCA.  The statute is the best evidence of its contents.

93.     The allegations in Paragraph 93 characterize ANILCA.  The statute is the best evidence of its contents.

94.     The allegations in Paragraph 94 characterize the Rule, ANILCA, a legal brief, and a resolution from the NPR-A Working Group.  The Rule, statute, brief, and resolution are the best evidence of their contents.

95.     To the extent the allegations in Paragraph 95 characterize public comments and a resolution from the NPR-A Working Group, the comments and resolution are the best evidence of their contents.

96.     The first and second sentences in Paragraph 96 characterize a comment letter by the Kuukpik Corporation and the Rule.  The letter and Rule are the best evidence of their contents.  The allegations in the final sentence in this paragraph are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.

97.     The allegations in the first sentence in Paragraph 97 are vague and ambiguous and lack the necessary explanation or context for Intervenor-Defendants to admit or deny.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

98.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 state legal conclusions to which no response is required.

100.    The first sentence in Paragraph 100 states a legal conclusion to which no response is required.  Intervenor-Defendants deny the remaining allegations in this

paragraph.

101.    The allegations in Paragraph 101 state legal conclusions to which no response is required.  To the extent the allegations in this paragraph characterize the 2022 IAP and the Rule, the 2022 IAP and the Rule are the best evidence of their contents.

102.    Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 102.

103.    Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 103.  To the extent the allegations in this paragraph characterize comment letters, those letters are the best evidence of their contents.

104.    Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 104.  To the extent the allegations in this paragraph characterize a comment letter from Iñupiat Community of the Arctic Slope, that letter is the best evidence of its contents.

105.    The first two sentences in Paragraph 105 state legal conclusions to which no response is required.  Intervenor-Defendants lack sufficient knowledge to admit or deny the remaining allegations in this paragraph.

106.    The first sentence in Paragraph 106 states a legal conclusion to which no response is required.  Intervenor-Defendants admit the remaining allegations in this paragraph.

107.    Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 107.

108.     Paragraph 108 restates previous allegations and requires no response.

109.     The allegations in Paragraph 109 characterize the Rule and the Administrative Procedure Act.  The Rule and statute are the best evidence of their contents.

110.     Deny.

111.     Intervenor-Defendants admit BLM did not prepare an EIS for the Rule. The remaining allegations in Paragraph 111 state a legal conclusion to which no response is required.

112.     Deny.

113.     Paragraph 113 restates previous allegations and requires no response.

114.     Deny.

115.     Deny.

116.     Paragraph 116 restates previous allegations and requires no response.

117.     Intervenor-Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 117.

118.     The allegations in Paragraph 118 state a legal conclusion to which no response is required.

## PRAYER FOR RELIEF

The remainder of the allegations are the Plaintiff's request for relief to which no response is required.

## AFFIRMATIVE DEFENSES

1.      The complaint and causes of action alleged therein fail to state a claim for which relief may be granted.

2.      This Court lacks subject matter jurisdiction over Plaintiff's causes of action.

3.      Plaintiff fails to demonstrate its claims are ripe for judicial review.

WHEREFORE, Intervenor-Defendants respectfully request that this Court deny Plaintiff any relief, dismiss the complaint with prejudice, grant judgment for Defendants, award Intervenor-Defendants their costs, and grant such other relief as the Court deems appropriate.

Respectfully submitted this 31st day of October, 2024.

*s/ Jeremy Lieb*
Jeremy Lieb (Alaska Bar No. 1810088)
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: jlieb@earthjustice.org

*s/ Erik Grafe*
Erik Grafe (Alaska Bar No. 0804010)
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: egrafe@earthjustice.org

*s/ Ian Dooley*
Ian S. Dooley (Alaska Bar No. 2006059)
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: idooley@earthjustice.org

*Attorneys for Intervenor-Defendants Friends of the Earth, The Wilderness Society, National Audubon Society, and Natural Resources Defense Council*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, a copy of the foregoing ANSWER TO VOICE OF THE ARCTIC IÑUPIAT'S COMPLAINT was served electronically on all counsel of record through the Court's CM/ECF system.

_s/ Jeremy Lieb_
Jeremy Lieb