Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Bridget Psarianos (AK Bar No. 1705025)
TRUSTEES FOR ALASKA
121 W. Fireweed Lane, Suite 105
Anchorage, AK 99503
Phone: (907) 276-4244
Fax: (907) 276-7110
sbostrom@trustees.org
bbrisson@trustees.org
bpsarianos@trustees.org

*Attorneys for Intervenor-Defendants*
*Northern Alaska Environmental Center,*
*Alaska Wilderness League, Environment*
*America, and Sierra Club*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VOICE OF THE ARCTIC IÑUPIAT, | Case No. 3:24-cv-00136-SLG |
| Plaintiff, | |
| v. | |
| BUREAU OF LAND MANAGEMENT, *et al.*, | |
| Defendants, | |
| and | |
| NORTHERN ALASKA ENVIRONMENTAL CENTER, *et al.*, | |
| Intervenor-Defendants. | |

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Intervenor-Defendants Northern Alaska Environmental Center, Alaska Wilderness League, Environment America, and Sierra Club (collectively "Groups") hereby answer and respond as follows to VOICE of the Arctic Iñupiat's (VOICE or Plaintiff) Complaint for Declaratory and Injunctive Relief, ECF No. 1. The paragraph numbers and headings in the Answer correspond to the paragraph numbers and headings in the Complaint.

## INTRODUCTION

1. The Groups admit that the Bureau of Land Management (BLM) adopted a final rule titled "Management and Protection of the National Petroleum Reserve in Alaska" on May 7, 2024 (Final Rule). The remaining allegations in paragraph 1 are Plaintiff's characterizations of its lawsuit, to which no response is required. To the extent a response is required, the Groups deny the allegations.

2. The allegations in the first four sentences of paragraph 2 are Plaintiff's characterizations of its lawsuit and the BLM's management of the National Petroleum Reserve-Alaska (Reserve), to which no response is required. To the extent a response is required, the Groups deny the allegations. The allegations in the last sentence of paragraph 2 purport to characterize and quote a statement from U.S Representative Mary Peltola, to which no response is required because the statement speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statement, and a response is required, the Groups deny the allegations.

3.      The allegations in paragraph 3 are Plaintiff's characterizations of BLM's actions leading up to the adoption of the Final Rule, to which no response is required. To the extent a response is required, the Groups deny the allegations. The allegations are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

4.      The allegations in the first sentence of paragraph 4 are Plaintiff's characterizations of BLM's actions leading up to the adoption of the Final Rule, to which no response is required. To the extent a response is required, the Groups deny the allegations. The allegations in the second sentence of paragraph 4 purport to characterize and quote a statement from VOICE, to which no response is required because the statement speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statement, and a response is required, the Groups deny the allegations. The allegations in the last sentences of paragraph 4 are also vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

5.      The Groups admit that the Reserve is located within the boundaries of the North Slope Borough. The remaining allegations in paragraph 5 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

6.      The allegations in paragraph 6 are vague, speculative, and overbroad, and

the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

7.      The allegations in the first sentence of paragraph 7 are Plaintiff's characterizations of its lawsuit, to which no response is required. To the extent a response is required, the Groups deny the allegations. The remaining allegations in paragraph 7 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in the last sentence of paragraph 7 also purport to quote a statement from the North Slope Borough mayor, to which no response is required because the statement speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statement, and a response is required, the Groups deny the allegations.

## JURISDICTION AND VENUE

8.      The allegations in paragraph 8 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

9.      The allegations in paragraph 9 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

10.     The allegations in paragraph 10 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

11.     The allegations in paragraph 11 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

12.     The allegations in paragraph 12 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

13.     The allegations in paragraph 13 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

14.     The allegations in paragraph 14 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

15.     The allegations in paragraph 15 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

16.     The Groups are without sufficient information upon which to affirm or deny the allegations in paragraph 16, and on that basis deny them.

17.     The Groups are without sufficient information upon which to affirm or deny the allegations in paragraph 17, including its subparts, and on that basis deny them.

18.     The Groups admit the allegations in paragraph 18.

19.     The Groups admit the allegations in paragraph 19.

20.     The Groups admit the allegations in paragraph 20.

21.     The Groups admit the allegations in paragraph 21.

**FACTS**

22.     The Groups admit the allegations in the first two sentences of paragraph 22. The Groups are without sufficient information upon which to affirm or deny the remaining allegations in paragraph 22, and on that basis deny them.

23.     The allegations in the first two sentences of paragraph 23 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in paragraph 23 also purport to characterize and quote caselaw, to which no response is required because the caselaw speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the caselaw, and a response is required, the Groups deny the allegations.

Answer to Complaint                                                    Page 6 of 34
*Voice of the Arctic Iñupiat v. Bureau of Land Mgmt.*, Case No. 3:24-cv-00136-SLG

24.     The Groups admit the first and last sentence of paragraph 24. The Groups are without sufficient information upon which to affirm or deny the remaining allegations in paragraph 24, and on that basis deny them.

25.     The allegations in paragraph 25 purport to characterize and quote a statute and caselaw, to which no response is required because the statute and caselaw speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statute and caselaw, and a response is required, the Groups deny the allegations.

26.     The allegations in paragraph 26 purport to characterize and quote a statute, caselaw, and corporate charters, to which no response is required because the statute, caselaw, and charters speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statute, caselaw, or charters, and a response is required, the Groups deny the allegations.

27.     The allegations in paragraph 27 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

28.     The allegations in paragraph 28 purport to characterize and quote a statute and caselaw, to which no response is required because the statute and caselaw speak for themselves and contain the best evidence of their content. To the extent the allegations

are inconsistent with the statute or caselaw, and a response is required, the Groups deny the allegations.

29. The Groups admit that the Alaska National Interest Lands Conservation Act (ANILCA) provided for the protection of millions of acres of public lands in Alaska, and expanded the boundaries of the Arctic National Wildlife Refuge and the Gates of the Arctic National Park. The Groups are without sufficient information upon which to affirm or deny the remaining allegations in the first two sentences of paragraph 29, and on that basis deny them. The last sentence of paragraph 29 purports to characterize and quote ANILCA, to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations.

30. The Groups admit the first sentence of paragraph 30. The remaining allegations in paragraph 30 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

31. The Groups admit that the Reserve is within the boundaries of the North Slope Borough. The remaining allegations in paragraph 31 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

32. The allegations in paragraph 32 are vague, speculative, and overbroad, and

the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

33.    The Groups admit the first sentence of paragraph 33. The second sentence purports to quote and characterize caselaw, to which no response is required because the caselaw speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the caselaw, and a response is required, the Groups deny the allegations. The remaining allegations purport to characterize and quote the Naval Petroleum Reserves Production Act (NPRPA), to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations.

34.    The allegations in the first two sentences of paragraph 34 purport to characterize and quote the NPRPA, to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations. The allegations in paragraph 34 also purport to quote a Federal Register notice, to which no response is required because the notice speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the notice, and a response is required, the Groups deny the allegations.

35.     The allegations in paragraph 35 purport to characterize and quote the NPRPA, to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations.

36.     The allegations in the first two sentences of paragraph 36 purport to characterize the BLM's regulations for the Reserve, to which no response is required because the regulations speak for themselves and contains the best evidence of their content. To the extent the allegations are inconsistent with the regulations, and a response is required, the Groups deny the allegations. The allegations in the third sentence of paragraph 36 purport to quote a Federal Register notice, to which no response is required because the notice speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the notice, and a response is required, the Groups deny the allegations. The Groups are without sufficient information upon which to affirm or deny the allegations in the last sentence of paragraph 36, and on that basis deny them.

37.     The allegations in paragraph 37 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

38.     The Groups admit the first sentence of paragraph 38. The remaining allegations in paragraph 38 are vague, speculative, and overbroad, and the Groups are

without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

39.     The allegations in paragraph 39 purport to characterize and summarize the Integrated Activity Plans (IAP), to which no response is required because the IAPs speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the IAPs, and a response is required, the Groups deny the allegations.

40.     The Groups admit that BLM issued an IAP in 2013. The remaining allegations in paragraph 40 purport to characterize and summarize that IAP and Record of Decision (ROD), to which no response is required because the IAP and ROD speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the IAP and ROD, and a response is required, the Groups deny the allegations. The last sentence of paragraph 40 purports to characterize and quote a website, to which no response is required because the website speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the website, and a response is required, the Groups deny the allegations.

41.     The Groups admit that BLM adopted a revised IAP in 2020 and admit the last sentence of paragraph 41. The allegations in the remainder of the first sentence of paragraph 41 purport to characterize and quote a Secretarial Order (SO) to which no response is required because the SO speaks for itself and contains the best evidence of its

content. To the extent the allegations are inconsistent with the SO, and a response is required, the Groups deny the allegations. The allegations in paragraph 41 also purport to characterize and summarize the 2020 IAP to which no response is required because the IAP speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the IAP, and a response is required, the Groups deny the allegations. The remaining allegations in paragraph 41 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

42.    The Groups admit that BLM adopted a new IAP in 2022. The remaining allegations in paragraph 42 purport to characterize and summarize the 2022 IAP and ROD to which no response is required because the IAP and ROD speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the IAP and ROD, and a response is required, the Groups deny the allegations.

43.    The Groups admit the last sentence of paragraph 43. The remaining allegations in paragraph 43 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

44.    The allegations in paragraph 44 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on

those bases, the Groups deny the allegations.

45. The Groups admit BLM announced the proposed rule on September 6th and that the proposed rule titled "Management and Protection of the National Petroleum Reserve in Alaska" (Proposed Rule) was published in the Federal Register on September 8, 2023. The remaining allegations in paragraph 45 purport to characterize and summarize the Proposed Rule, to which no response is required because the Proposed Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Proposed Rule, and a response is required, the Groups deny the allegations.

46. The allegations in paragraph 46 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

47. The allegations in paragraph 47 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in paragraph 47 also purport to quote statements by the President and then-candidate Joseph Biden, to which no response is required because the statements speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statements, and a response is required, the Groups deny the allegations.

48. The allegations in paragraph 48 are vague, speculative, and overbroad, and

the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

49. The allegations in paragraph 49 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

50. The allegations in paragraph 50 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

51. The allegations in paragraph 51 purport to quote a statement or letter, to which no response is required because the statement and letter speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statement or letter, and a response is required, the Groups deny the allegations. The remaining allegations in paragraph 51 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

52. The allegations in paragraph 52 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

53. The allegations in paragraph 53 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on

those bases, the Groups deny the allegations.

54.     The allegations in paragraph 54 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

55.     The allegations in paragraph 55 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

56.     The allegations in paragraph 56 purport to quote a statement about the rule, to which no response is required because the statement speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statement, and a response is required, the Groups deny the allegations. The remaining allegations in paragraph 56 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

57.     The Groups admit the allegations in the first sentence of paragraph 57. The remaining allegations in paragraph 57 purport to characterize and summarize the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations.

Case 3:24-cv-00136-SLG     Document 29     Filed 10/31/24     Page 15 of 34

58.     The allegations in paragraph 58 purport to characterize and summarize the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations.

59.     The allegations in paragraph 59 purport to characterize and quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations.

60.     The allegations in paragraph 60 purport to characterize and quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations.

61.     The allegations in paragraph 61 purport to characterize and quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations.

62.     The allegations in paragraph 62 purport to characterize and quote the Final Rule and regulations, to which no response is required because the Final Rule and regulations speak for themselves and contain the best evidence of their content. To the

extent the allegations are inconsistent with the Final Rule or regulations, and a response is required, the Groups deny the allegations.

63. The allegations paragraph 63 purport to characterize and quote a statement and Federal Register notice, to which no response is required because the statement and notice speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statement or notice, and a response is required, the Groups deny the allegations.

64. The allegations in the first sentence of paragraph 64 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in paragraph 64 also purport to characterize and quote a Federal Register notice, to which no response is required because the notice speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the notice, and a response is required, the Groups deny the allegations.

65. The Groups admit that BLM did not complete an environmental impact statement for the Final Rule. The allegations in the first sentence of paragraph 65 also purport to characterize and quote regulations and the Final Rule, to which no response is required because the regulations and Final Rule speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the regulations or Final Rule, and a response is required, the Groups deny the allegations.

The remaining allegations in paragraph 65 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

66. The allegations in paragraph 66 purport to characterize and quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations. The allegations in paragraph 65 are also vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

67. The allegations in paragraph 67 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

68. The allegations in paragraph 68 are also vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

69. The allegations in paragraph 69 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in paragraph 69 also purport to characterize and quote a resolution passed by the Alaska House of Representatives, to

Case 3:24-cv-00136-SLG    Document 29    Filed 10/31/24    Page 18 of 34

which no response is required because the resolution speaks for itself and contains the best evidence of its content. To the extent that the allegations are inconsistent with the resolution, and a response is required, the Groups deny the allegations. The allegations also purport to characterize and quote statements, to which no response is required because the statements speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statements, and a response is required, the Groups deny the allegations.

70.     The allegations purport to characterize and quote statements, to which no response is required because the statements speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statements, and a response is required, the Groups deny the allegations. The remaining allegations in paragraph 70 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

71.     The allegations purport to characterize and quote statements, to which no response is required because the statements speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statements, and a response is required, the Groups deny the allegations. The remaining allegations in paragraph 71 are vague, speculative, and overbroad, and the Groups are

without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

72.     The allegations in paragraph 72 are vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

73.     The allegations in the first two sentences of paragraph 73 purport to characterize and summarize statutes, to which no response is required because the statutes speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statutes, and a response is required, the Groups deny the allegations. The allegations in the last sentence of paragraph 73 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

74.     The allegations in the first two sentences of paragraph 74 purport to characterize and quote statutes, to which no response is required because the statutes speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations. The allegations in the last sentence of paragraph 74 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

75.     The allegations in paragraph 75 purport to characterize and quote statutes

and legislative history, to which no response is required because the statutes and legislative history speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statutes or legislative history and a response is required, the Groups deny the allegations. The allegations in paragraph 75 are also vague, speculative, and overbroad, and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in the last sentence of paragraph 75 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

76. The allegations in the first sentence of paragraph 76 purport to characterize and quote a statute, to which no response is required because the statute speaks for itself and contain the best evidence of its content. To the extent the allegations are inconsistent with the statute and a response is required, the Groups deny the allegations. The allegations in the last two sentences of paragraph 76 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

77. The allegations in paragraph 77 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations. The allegations in paragraph 77 also purport to characterize and summarize the 2022 IAP, to which no response is required because the IAP speaks for itself and

contains the best evidence of its content. To the extent the allegations are inconsistent with the IAP, and a response is required, the Groups deny the allegations.

78.     The allegations in paragraph 78 purport to characterize and quote statutes, the 2022 IAP, and the Final Rule to which no response is required because the statutes, 2022 IAP, and Final Rule speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statutes, 2022 IAP, and Final Rule, and a response is required, the Groups deny the allegations. The allegations in paragraph 78 also contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

79.     The allegations in paragraph 79 purport to characterize and quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations. The allegations in paragraph 79 also contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

80.     The allegations in paragraph 80 purport to characterize and quote statutes, legislative history, and the Final Rule, to which no response is required because the statutes, legislative history, and Final Rule speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statutes, legislative history, and Final Rule, and a response is required, the Groups deny the

allegations. The allegations in paragraph 80 also contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

81.    The allegations in the first sentence of paragraph 81 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations. The remaining allegations in paragraph 81 purport to characterize and summarize IAPs, to which no response is required because the IAPs speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the IAPs, and a response is required, the Groups deny the allegations.

82.    The allegations in paragraph 82 purport to characterize and quote caselaw, to which no response is required because the caselaw speaks for itself and contains the best evidence of their content. To the extent the allegations are inconsistent with the caselaw, and a response is required, the Groups deny the allegations. The allegations in paragraph 82 also contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

83.    The allegations in paragraph 83 purport to characterize and summarize statutes and the Final Rule, to which no response is required because the statutes, 2022 IAP, and Final Rule speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statutes and Final Rule, and a

response is required, the Groups deny the allegations. The allegations in paragraph 83 also contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

84. The Groups admit that BLM did not prepare an environmental impact statement when adopting the Final Rule. The allegations in paragraph 84 purport to quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations. The allegations in paragraph 84 also contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

85. The allegations in paragraph 85 purport to characterize and quote regulations and the Final Rule, to which no response is required because the regulations and Final Rule speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the regulations and Final Rule and a response is required, the Groups deny the allegations.

86. The allegations in paragraph 86 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

87. The allegations in paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the

allegations. The allegations in paragraph 87 also purport to characterize and quote regulations, to which no response is required because the regulations speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the regulations and a response is required, the Groups deny the allegations.

88.     The allegations in paragraph 88 purport to characterize and summarize the Final Rule and Executive Orders, to which no response is required because the Final Rule and Executive Orders speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the Final Rule and Executive Orders, and a response is required, the Groups deny the allegations. The allegations in paragraph 88 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations. The allegations in the last sentence in paragraph 88 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

89.     The allegations in paragraph 89 purport to characterize and summarize the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations. The remaining allegations in paragraph 89 are vague, speculative, and overbroad and the

Case 3:24-cv-00136-SLG     Document 29     Filed 10/31/24     Page 25 of 34

Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

90.     The allegations in paragraph 90 purport to characterize and summarize the NPRPA, to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations. The remaining allegations in paragraph 90 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

91.     The allegations in paragraph 91 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

92.     The allegations in paragraph 92 purport to characterize and summarize ANILCA, to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations.

93.     The allegations in paragraph 93 purport to characterize and summarize ANILCA, to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations.

94.     The allegations in paragraph 94 purport to characterize and quote the Final Rule and ANILCA, to which no response is required because the statute and Final Rule speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statute and Final Rule, and a response is required, the Groups deny the allegations. The allegations in the last two sentences of paragraph 94 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

95.     The allegations in paragraph 95 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in paragraph 95 also purport to characterize and quote a resolution, to which no response is required because the resolution speaks for itself and contains the best evidence of its content. To the extent that the allegations are inconsistent with the resolution, and a response is required, the Groups deny the allegations.

96.     The allegations in paragraph 96 purport to characterize and quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations. The allegations in paragraph 96 are also vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the

Groups deny the allegations.

97.     The allegations in paragraph 97 purport to characterize and quote the Final Rule, to which no response is required because the Final Rule speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the Final Rule, and a response is required, the Groups deny the allegations. The allegations in paragraph 97 are also vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

98.     The allegations in paragraph 98 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

99.     The allegations in paragraph 99 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in the last sentence of paragraph 99 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

100.    The allegations in paragraph 100 purport to characterize and quote the NPRPA, BLM's regulations, and the Final Rule, to which no response is required because the statute, regulations, and Final Rule speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statute,

regulations, and Final Rule, and a response is required, the Groups deny the allegations. The allegations in the last sentence of paragraph 100 contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations.

101. The allegations in paragraph 101 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

102. The allegations in paragraph 102 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

103. The allegations in paragraph 103 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in paragraph 103 also purport to summarize and quote statements in comments, to which no response is required because the statements and comments speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statements and comments, and a response is required, the Groups deny the allegations.

104. The allegations in paragraph 104 purport to summarize and quote statements in comments, to which no response is required because the statements and comments speak for themselves and contain the best evidence of their content. To the

extent the allegations are inconsistent with the statements and comments, and a response is required, the Groups deny the allegations.

105.    The allegations in paragraph 105 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations. The allegations in paragraph 105 also contain legal conclusions, to which no response is required. To the extent a response is required, the Groups deny the allegations. The allegations in paragraph 105 also purport to characterize and summarize statutes and Executive Orders, to which no response is required because the statutes and Executive Orders speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the statutes and Executive Orders, and a response is required, the Groups deny the allegations.

106.    The allegations in paragraph 106 purport to summarize and quote a statement by then-candidate Joseph Biden, to which no response is required because the statement speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statement, and a response is required, the Groups deny the allegations. The allegations in paragraph 106 also purport to characterize and summarize various Presidential actions, to which no response is required because the actions speak for themselves and contain the best evidence of their content. To the extent the allegations are inconsistent with the actions and a response is required, the Groups

deny the allegations.

107.    The allegations in paragraph 107 are vague, speculative, and overbroad and the Groups are without sufficient information to admit or deny the allegations, and on those bases, the Groups deny the allegations.

## COUNT I

108.    The Groups admit and deny the allegations in this paragraph as stated above.

109.    The allegations in paragraph 109 purport to characterize and quote the APA, to which no response is required because the statute speaks for itself and contains the best evidence of its content. To the extent the allegations are inconsistent with the statute, and a response is required, the Groups deny the allegations. The allegations in paragraph 109 also contain legal conclusions, to which no response is required. To the extent that a response is required, the Groups deny the allegations and legal conclusions.

110.    The Groups deny the allegations in paragraph 110.

111.    The Groups admit that the BLM did not prepare an EIS, but deny the remaining allegations in paragraph 111.

112.    The Groups deny the allegations in paragraph 112 and deny that Plaintiff is entitled to the relief stated.

## COUNT II

113.    The Groups admit and deny the allegations in this paragraph as stated above.

114.    The Groups deny the allegations in paragraph 114.

115.    The Groups deny the allegations in paragraph 115 and deny that Plaintiff is entitled to the relief stated.

## COUNT III

116.    The Groups admit and deny the allegations in this paragraph as stated above.

117.    The Groups deny the allegations in paragraph 117.

118.    The Groups deny the allegations in paragraph 118 and deny that Plaintiff is entitled to the relief stated.

## RELIEF REQUESTED

The Groups deny that Plaintiff is entitled to any of the relief requested, including, but not limited to, the relief requested in paragraphs 1 through 5 of their Relief Requested.

## GENERAL DENIAL

The Groups deny any and all allegations of the Complaint, whether express or implied, including allegations reflected in section headings, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

The Groups further answer Plaintiff' Complaint by asserting the following affirmative defenses:

1.  Plaintiff fails to establish that this Court has subject matter jurisdiction over

Answer to Complaint                                                    Page 32 of 34
*Voice of the Arctic Iñupiat v. Bureau of Land Mgmt.*, Case No. 3:24-cv-00136-SLG

some or all of Plaintiffs' claims.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff fails to demonstrate that some or all of its claims are ripe for judicial review.

4. The Groups reserve the right to amend and/or supplement these affirmative defenses as appropriate.

## REQUEST FOR RELIEF

Wherefore, having fully answered the allegations in the Complaint, the Groups respectfully request that the Court enter judgment against Plaintiff dismissing the Complaint with prejudice and awarding such other and further relief as the Court may deem just and warranted.

Respectfully submitted this 31st day of October, 2024.

s/ Suzanne Bostrom
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Bridget Psarianos (AK Bar. No 1705025)
TRUSTEES FOR ALASKA

*Attorneys for Northern Alaska Environmental Center, Alaska Wilderness League, Environment America, and Sierra Club*

## CERTIFICATE OF SERVICE

I certify that on October 31, 2024, I caused a copy of Northern Alaska Environmental Center et al.'s ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case, all of whom are registered with the CM/ECF system.

s/ Suzanne Bostrom
Suzanne Bostrom